16-0405-cv
Patsy's Italian Rest., Inc. v. Patsy's Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of January, two thousand seventeen.

PRESENT:   REENA RAGGI,
                       DENNY CHIN,
                       RAYMOND J. LOHIER, JR.,
                                                 *Circuit Judges*.

------------------------------------------------------------------------

PATSY'S ITALIAN RESTAURANT, INC.,
                       *Plaintiff-Counter-Defendant-Appellee*,

                       v.                                                            No. 16-0405-cv

PATSY'S INC., I.O.B. REALTY, INC.,
             *Defendants-Intervenors-Counter-Claimants-Appellants*,

ANTHONY BANAS, d/b/a PATSY'S and d/b/a PATSY'S PIZZERIA TRATTORIA IMPAZZIRE, ALLAN ZYLLER, doing business as PATSY'S PIZZA TRATTORIA doing business as PATSY'S, AL & ANTHONY'S PATSY'S, INC., BSZ REALTY CORP.,
                       *Defendants-Counter-Claimants*,

AARON WARSHAW,
                                                 *Special Master.*

------------------------------------------------------------------------

APPEARING FOR APPELLANTS:      REBECCA J. STEMPIEN COYLE (Paul Grandinetti, *on the brief*), Levy & Grandinetti, Washington, D.C.

APPEARING FOR APPELLEE:            NORMAN H. ZIVIN, Cooper & Dunham LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ramon E. Reyes, Jr., *Magistrate Judge*).[1]

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 12, 2016, is AFFIRMED.

Defendants Patsy's Inc. and I.O.B. Realty, Inc. appeal from an order adopting the report and recommendation of Special Master Aaron Warshaw, denying cross contempt motions for violations of the district court's September 9, 2008 injunction and rejecting defendants' request to cancel plaintiffs' registration of the PATSY'S OF NEW YORK mark as a sanction because the use of that mark was beyond the scope of the injunction. We review the district court's denial of a contempt motion for abuse of discretion, which is not evident here. *See Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 779 F.3d 102, 111 (2d Cir. 2015).

Much judicial ink has already been spilled on the parties' successive and protracted disputes, *see, e.g., Patsy's Italian Rest., Inc. v. Banas*, 658 F.3d 254 (2d Cir. 2011); *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, 317 F.3d 209 (2d Cir. 2003); *Patsy's Italian Rest., Inc. v. Banas*, 508 F. Supp. 2d 194 (E.D.N.Y. 2007), the history of which the district court characterized as "labyrinthine," *Patsy's Italian Rest., Inc. v. Banas*, 575 F. Supp. 2d 427, 433 (E.D.N.Y. 2008). As such, we assume the parties' familiarity with

---

[1] The parties consented to the magistrate judge's jurisdiction pursuant to 28 U.S.C. § 636.

2

the facts and procedural history of this case, which we reference only as necessary to explain our decision to affirm.

"To establish contempt for failure to obey a court order, the movant must show that (1) the order the [alleged] contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the [alleged] contemnor has not diligently attempted to comply in a reasonable manner." *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 779 F.3d at 111 (alterations in original) (internal quotation marks omitted). "An injunction is sufficiently clear and unambiguous if it leaves 'no doubt in the minds of those to whom it was addressed . . . [about] precisely what acts are forbidden.'" *CBS Broad. Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016) (quoting *Drywall Tapers & Pointers v. Local 530,* 889 F.2d 389, 395 (2d Cir. 1989)).

In *Marcel Fashions Group*, this court concluded that a motion for contempt failed the first requirement because an injunction forbidding the use of the "Get Lucky" mark did not clearly and unambiguously preclude use of the "Lucky Brand" mark. *See Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 779 F.3d at 111 (explaining that "on its face, the [governing] injunction said nothing about Lucky Brand's use of the 'Lucky Brand' marks . . . [but rather,] [i]t enjoined Lucky Brand only from using Marcel's 'Get Lucky' mark, or colorable imitations thereof").

Similarly, here, the decretal language of the injunction enjoined the parties from "using the mark PATSY'S *alone* in any advertising, signs, menus or anything similarly associated with their establishments." *Patsy's Italian Rest., Inc. v. Banas*, 575 F. Supp.

3

2d at 473 (emphasis added). Although the district court, elsewhere in its opinion, affirmatively "order[ed] [] Plaintiffs [to] . . . refer to their restaurant services using the mark PATSY'S ITALIAN RESTAURANT, and Defendants [to] . . . refer to their pizzeria services using the mark PATSY'S PIZZERIA," *id.* at 471, that affirmative order is not clearly exclusive in light of decretal language merely precluding the use of "PATSY'S alone." Because the injunction does not clearly and unambiguously preclude use of the PATSY'S OF NEW YORK mark, we identify no abuse of discretion in the district court's conclusion that the PATSY'S OF NEW YORK mark "is beyond the scope of the present litigation, and therefore it[s registration] should not be cancelled at this time" for contempt. App'x 830.

We have considered defendants' remaining arguments and conclude that they are without merit. Accordingly, the district court's January 12, 2016 judgment is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4